Selena JOHNSON, Plaintiff–Appellant,

v.

FRESH MARK, INC., and Brian Wess, Defendants–Appellants.

No. 03–3344.

United States Court of Appeals, Sixth Circuit.

May 18, 2004.

Randi A. Barnabee, Deborah A. Smith & Company, Northfield, OH, for Plaintiff–Appellant.

Kenneth B. Stark, Duvin, Cahn & Hutton, Cleveland, OH, for Defendant–Appellee.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

PER CURIAM.

The plaintiff, Selena Johnson, is a pre-surgical transsexual woman. She was designated male at birth, but she presented herself and was hired by defendant Fresh Mark, Inc., as a woman. After receiving complaints that Johnson had used both the men's and women's restrooms, Johnson's employer informed her that she could not return to work until it received a note from her doctor stating whether she was male or female and whether there was any reason she should be using the restroom of the opposite gender. Johnson informed her employer, through counsel, that she was "not entirely male nor entirely female" and that it was most appropriate for her to use a female or unisex restroom. Based on the sex specified on her driver's license, however, her employer decided she was male and would have to use the men's restrooms. Johnson refused to return to work under that condition. When she failed to appear for work on three consecutive days, she was terminated under the employer's absenteeism policy.

The plaintiff then filed this action against her employer and Brian Wess, its Director of Human Resources, charging violations of Title VII of the 1964 Civil Rights Act, the Americans with Disabilities Act, and parallel Ohio statutes. She ar-

gued that the defendants were guilty of discrimination in the form of sex-stereo-typing, as prohibited by *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). The defendants argued in response that every circuit court that considered a claim of sex discrimination by a transsexual had held that Title VII does not prohibit discrimination based on an individual's status as a transsexual, citing *Ulane v. Eastern Airlines, Inc.,* 742 F.2d 1081 (7th Cir.1984), *Sommers v. Budget Marketing, Inc.,* 667 F.2d 748 (8th Cir.1982), and *Holloway v. Arthur Andersen & Co.,* 566 F.2d 659 (9th Cir.1977). The defendants also pointed out that the ADA specifically excludes transsexualism as a condition covered by that statute, citing 42 U.S.C. § 12211(b)(1).

The district court granted the defendants' motion to dismiss for failure to state a claim, finding that *Price Waterhouse* was inapplicable to the facts as pleaded in the complaint and that transsexualism was not covered by the ADA. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion and order dated January 30, 2003.